IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                              Case Nos.:    4:12cr047/MW/GRJ
                                               4:16cv032/MW/GRJ
CEDRIC BERNARD DAVIS

## **REPORT AND RECOMMENDATION**

This matter is before the Court upon Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (ECF No. 58) and the Government's Response thereto. (ECF No. 74.) The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and FED. R. CIV. P. 72(b). After a review of the record and the arguments presented, the Court concludes that Petitioner has not raised any issue requiring an evidentiary hearing and that the § 2255 Motion should be denied. *See* Rules 8(a) and (b) Governing § 2255 Cases.

### I.  **BACKGROUND**

On November 27, 2012, a grand jury returned a Superseding Indictment charging Petitioner with 1) knowingly distributing cocaine in

violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (Counts One and Two); possession with intent to distribute cocaine and cocaine base, commonly known as "crack cocaine," in violation of Title 21 United States Code, Sections 841(a)(1) and (b)(1)(C); and 3) being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) (Count Four). (ECF No. 29.) On November 29, 2012, Petitioner appeared before the Court for an initial appearance on the Superseding Indictment and was arraigned on the charges. (ECF Nos. 33 & 34.)

Petitioner pleaded guilty to all counts pursuant to a plea agreement, which United States District Judge Mark E. Walker accepted on January 30, 2013. (ECF Nos. 38 & 40.) Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). (ECF No. 47.) The PSR reflected that Petitioner had a base-offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2) because Petitioner had prior convictions for burglary of a dwelling and felony fleeing and alluding. *Id.* at ¶ 30. The base level was increased four levels pursuant to § 2K2.1(b)(6)(B) because Petitioner possessed a firearm in connection with

the felony offense of distribution of cocaine. *Id.* at ¶ 31. The PSR applied a career-offender enhancement under § 4B1.1 because the offense was a felony controlled substance offense and Petitioner's two prior felony convictions for burglary of a dwelling and felony fleeing and eluding were "crime[s] of violence." *Id.* at ¶ 56. After adjustments for acceptance of responsibility, Petitioner's total-offense level was 31. *Id.* at ¶ 39. Petitioner's criminal history category was VI. *Id.* at ¶ 79. The applicable Guidelines range was 188 to 235 months of imprisonment. *Id.* at ¶ 79.

On May 2, 2013, Judge Walker sentenced Petitioner to 151 months of imprisonment for Counts One, Two, and Three, and 120 months imprisonment for Count Four, with all sentences running concurrently; a six-year term of supervised release as to Counts One, Two, and Three, and a three-year term as to Count Four, with all terms running concurrently; and a $400 Special Monetary Assessment. (ECF No. 50.) The Court entered judgment against Petitioner on May 10, 2013. (ECF No. 53.)

Petitioner did not file an appeal to the Eleventh Circuit Court of Appeals, nor did he file a Motion for Certiorari in the United States Supreme Court. On January 12, 2015, Petitioner filed a motion to reduce

his sentence pursuant to U.S.S.G. Amendment 782. (ECF No. 56.) However, because Petitioner's guideline range was based on his status as a career offender and not on the drug guideline that was reduced by Amendment 782, the Court found he was ineligible for a reduction and denied the motion. (ECF No. 57.)

On January 14, 2016, Petitioner filed the instant *pro se* Motion under § 2255. In his sole ground for relief, Petitioner argues that his career-offender sentence enhancement pursuant to § 4B1.1 of the Sentencing Guidelines is unconstitutional under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 58 at 4.)

## II.  ANALYSIS

### A. General Legal Standard

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to Section 2255 are extremely limited. A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that: (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.

*See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230,

1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn,* 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

### *B. Time Bar*

Section 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on May 10, 2013, and because Petitioner did not file a direct appeal, his convictions and sentence became final fourteen days later. *See* FED. R. APP. P. 4(b)(1). Thus, the instant motion, filed on January 14, 2016, is untimely by more than one year and seven months.

Petitioner seeks to invoke § 2255(f)(3) to overcome the time-bar on the grounds that the motion was filed within one year of the Supreme Court's 2015 decision in *Johnson*. In *Johnson*, the Supreme Court invalidated the Armed Career Criminal Act's ("ACCA") residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), holding that it was unconstitutionally vague because it created uncertainty about (1) how to evaluate the risks posed by the crime and (2) how much risk it takes to qualify as a violent felony. 135 S. Ct. at 2557-58. In *Welch v. United States*, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to

cases on collateral review. 136 S. Ct. 1257, 1264-65, 1268 (2016). However, in *United States v. Matchett*, the Eleventh Circuit rejected the argument that the virtually identical career-offender residual clause in § 4B1.2(a)(2) was unconstitutional as well, concluding that *Johnson*'s holding did not apply to the Sentencing Guidelines. 802 F.3d 1185, 1194-95 (11th Cir. 2015). Consistent with this view in *Beckles v. United States*, the Supreme Court held that the Sentencing Guidelines were not subject to a void-for-vagueness challenge under the Fifth Amendment Due Process Clause, foreclosing the application of *Johnson* to the advisory Guidelines. 137 S. Ct. 886 (2017).

Because *Johnson* does not apply to the residual clause of the career-offender guideline, Petitioner cannot rely on Johnson to circumvent the untimeliness of his motion. Accordingly, Petitioner's motion is time-barred and should be dismissed with prejudice.

### C. Evidentiary Hearing

To warrant an evidentiary hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. Petitioner has failed to do so here. Accordingly, to the extent Petitioner requests an evidentiary hearing,

his request is denied.

## III. CONCLUSION

For all the foregoing reasons, the Court concludes that Petitioner has not shown that he is entitled to Section 2255 relief. Nor has he shown that an evidentiary hearing is warranted. Therefore, Petitioner's motion should be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).

Case Nos.: 4:12cr047/MW/GRJ; 4:16cv032/MW/GRJ

Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (ECF No. 58) should be **DISMISSED WITH PREJUDICE**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 29th day of January, 2018.

*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case Nos.: 4:12cr047/MW/GRJ; 4:16cv032/MW/GRJ

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**</u> **A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 4:12cr047/MW/GRJ; 4:16cv032/MW/GRJ